Filed 2/5/15  P. v. McClurkin CA2/ 8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B250172 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA045288) |
| v. | |
| CALVERT McCLURKIN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Lisa M. Chung, Judge.  Affirmed with modifications.

Patricia A. Scott, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Lance E. Winters, Assistant Attorney General, Keith H. Borjon and Jaime L. Fuster, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Defendant was convicted of first degree murder (count 1) and of seven separately charged felony sex crimes. The jury found true two felony murder special circumstances, that in the commission of the murder, the defendant committed the crimes of a lewd or lascivious act on a child under the age of 14, and of oral copulation of a person under the age of 18. (Defendant's DNA was found inside the mouth of the 13-year-old victim and also on her breasts and external genital area.) Two of the seven sex crime counts of which defendant was separately convicted were lewd act upon a child (count 2) and oral copulation of a person under the age of 18 (count 3), and involved the same victim as the murder count.

The trial court sentenced defendant to the prescribed term of life without the possibility of parole as to count 1. The court also imposed consecutive sentences on counts 2 and 3. Defendant's sole argument on appeal is that the sentences on counts 2 and 3 should be stayed pursuant to Penal Code section 654. Respondent concedes the error. We agree.

Given the limited scope of this appeal, we dispense with a summary of the factual and procedural background and a recitation of the standard of review, neither of which requires discussion here.

Penal Code section 654 bars separate punishment for the underlying offenses that form the basis for a felony murder conviction. (*People v. Hensley* (2014) 59 Cal.4th 788, 828; *People v. Harris* (1989) 47 Cal.3d 1047, 1102-1103; *People v. Williams* (1984) 157 Cal.App.3d 145, 157-158.) Respondent tell us, "In the instant case, there is no dispute the sex crimes charged in counts 2 and 3 were also the same predicate felonies relied upon by the prosecution to prove that appellant was guilty of felony murder and that the special circumstance allegations were true." The prosecution did not rely exclusively on a felony murder theory of first degree murder, but instead argued the facts supported a finding of intention to kill with premeditation. "Nevertheless," respondent tells us, "the jury also found true the special circumstance allegations that, in the commission of the murder charged in count 1, appellant was engaged in the crimes of oral copulation and lewd acts. Based on the evidence, the prosecutor's closing

2

arguments, and the trial court's instructions, the jury necessarily found that the lewd act and oral copulation charged in counts 2 and 3 were not divisible from the special circumstances of murder in the commission of lewd acts and oral copulation charged in count 1."

Finding that respondent's concession is well taken, we remand with instructions to stay the sentences on counts 2 and 3 and, as so modified, we affirm the judgment.

## DISPOSITION

The judgment is affirmed, as modified. The superior court is directed to stay the sentences on counts 2 and 3 under Penal Code section 654, and to prepare an amended abstract of judgment, and forward a certified copy of the same to the Department of Corrections and Rehabilitation.

GRIMES, J.

We concur:

BIGELOW, P. J.

RUBIN, J.

3